IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Ramone Wright, | ) | Case No. 5:23-cv-01934-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On June 9, 2023, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a return. ECF No. 17. Petitioner filed objections to the Report and a letter.[1] ECF Nos. 25, 30.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

---

[1] Also pending are Petitioner's Motions to Expand the Record [11, 27] and his Motion to Compel Judgment Order [28].

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

Petitioner brings two claims in his petition, and the Magistrate Judge recommends that both be summarily dismissed.  In ground one, Petitioner contends that he was orally sentenced to 82 months which should be credited over the written judgment.  The Magistrate Judge analyzed this ground pursuant to U.S. v. Wheeler, 886 F.3d 415 (4th Cir. 2018).  In Wheeler, the Fourth Circuit established a test for determining whether a petitioner meets the savings clause to seek habeas corpus relief under § 2241.  However, it appears that the Supreme Court's ruling in Jones v. Hendrix, 143 S. Ct. 1857 (2023), has overruled Wheeler.  See, e.g., Hall v. Hudgins, No. 22-6208, 2023 WL 4363658, at *1 (4th Cir. July 6, 2023) (noting Jones held a petitioner cannot use § 2241 to mount a successive collateral attack on validity of a federal sentence and affirming district court's dismissal of § 2241 petition for lack of jurisdiction).  Moreover, in his objections, Petitioner

2

states that he is challenging the Bureau of Prisons' calculation of his sentence. Accordingly, for these reasons, the Court respectfully declines to adopt this portion of the Report.

In ground two, Petitioner challenges his recidivism level. The Magistrate Judge recommends dismissal of this ground because it is frivolous. Petitioner has not specifically objected to this portion of the Report. Nevertheless, out of an abundance of caution for a pro se party, the Court has reviewed this portion of the Report, the record, and the applicable law de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

## **CONCLUSION**

After reviewing the record in this case, the applicable law, and the Report of the Magistrate Judge de novo, the Court adopts in part and declines to adopt in part the recommendation of the Magistrate Judge as set out above. Ground two of the petition is **DISMISSED** without prejudice and without requiring Respondent to file a Return. The remainder of this action is recommitted to the Magistrate Judge for further evaluation.[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 5, 2023
Spartanburg, South Carolina

---

[2] Petitioner's Motions to Expand the Record [11, 27] are denied at this procedural posture. Petitioner's Motion to Compel Judgment Order [28] is found as moot.