IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Ramone Wright, | ) | Case No. 5:23-cv-01934-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report").  On November 11, 2023, Petitioner filed a motion for summary judgment.[1]  ECF No. 43.  On February 20, 2024, Respondent filed a motion to dismiss. ECF No. 63.  Petitioner filed a response in opposition.  ECF No. 66.  On July 30, 2024, the Magistrate Judge issued a Report recommending that Respondent's motion to dismiss be converted to a motion for summary judgment and be granted, that Petitioner's motion for summary judgment be

---

[1] Petitioner has also filed various additional attachments to his filings, which have been reviewed by the undersigned.

denied, and that the motion to compel be found as moot.[2]  ECF No. 77.  Petitioner filed objections.  ECF No. 79.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court agrees with the Magistrate Judge that Respondent's motion to dismiss is properly considered as a motion for summary judgment.  Petitioner

---

[2] Petitioner has also filed various other motions during the pendency of this case.  The Magistrate Judge has ruled on all his pretrial motions except a motion to compel filed the day before the Report was issued.  ECF No. 76.  The Court will address the pending motion to compel in the conclusion of this order.

2

alleges that his sentence has been miscalculated in that the oral sentence pronounced in open court conflicts with the written sentence signed by the sentencing court.  Petitioner contends that his sentence has expired and he is being illegally detained.  The Magistrate Judge provides a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  The Magistrate Judge determined that the sentence pronounced during Petitioner's sentencing hearing matched the written sentence signed by the sentencing court.  Upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge.

As stated above, Petitioner objects to the Report.  Petitioner alleges various misconduct by Respondent during the course of this case.  Liberally construed, he contends that certain documents should have been filed under seal, that Respondent has not complied with the scheduling order, that Respondent's motion is improper because it is untimely, and that "Respondent has filed various [different] motion[s] to amend position in current case-captioned which is prejudicial to the opposing party-resulting in bad faith filing . . . ."  ECF No. 79 (some alterations in original).  No scheduling order has been entered in this case, accordingly, any objection that Respondent's motion is untimely or improper is overruled.  With respect to whether certain documents should have been filed under seal, Petitioner has not explained why, even assuming they should have been, that failure would entitled him to the relief sought in this action.  Finally, the Court has thoroughly reviewed the docket and finds that Respondent filed two motions for extension of time, which were granted by the Magistrate Judge. ECF Nos. 45, 46, 58, 59. Petitioner has not explained how these motions prejudiced him, and the Court is of the strong

opinion that they have not resulted in any prejudice to Petitioner.[3]  Accordingly, these objections are overruled.

Turning to the merits of Petitioner's claim, the Court agrees with the Magistrate Judge that the sentence announced at sentencing matched the written record of it.  The relevant portion of transcript of the sentencing hearing, held on February 9, 2027, reads as follows:

> THE COURT: Pursuant to the Sentencing Reform Act of 1984 and 18 United States Code Section 3553(a), it is the sentence of the Court that you be remanded to the Bureau of Prisons for a period of 15 years.
>
> . . .
>
> And so the sentence will look like this.
>
> Count 1: 37 months; 84 months on Count 2 to run consecutively to Counts 1 and 4 but concurrently to Count 3; 37 months on Count 3 to run concurrently to all other counts; and 59 months on Count 4 to run consecutively to Counts 1 and 2 but concurrently to Count 3. The aggregate total of 160 months, I believe, gets us to 15 years.
>
> MR. BOSLEY: 180 months, Your Honor.
>
> THE COURT: Right. Should be 180 months. 180 months is what it is.
>
> Danny, is your math right or is mine wrong?

---

[3] In the event that Petitioner were entitled to the relief sought and he was being illegally detained, he could possibly argue persuasively that any delay by Respondent was prejudicial.  However, as explained below, the Court finds that Petitioner is not entitled to relief.

4

> THE PROBATION OFFICER: Your Honor, if you give me a moment, I'm going to check it again.
>
> THE COURT: 37 plus 84 plus 37 and 59. So we've got to go 37 less than 59.
>
> MR. BOSLEY: 59 months -- 37 and 84 is 121, Your Honor. Then 59 makes it 180. Because two 37s -- the one 37 is concurrent to the other.
>
> THE COURT: You're right. Thank you. The total then, the aggregate total is 180 months, not 160 months, to the Bureau of Prisons.

ECF No. 63-3 at 8–9. The Amended Judgment, filed February 15, 2027, provides as follows:

> The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of Count 1, 37 months imprisonment; Count 2, 84 months imprisonment to run consecutively to Counts 1 and 4, but concurrently to Count 3; Count 3, 37 months Imprisonment to run concurrently to all counts; Count 4, 59 months imprisonment to run consecutively to Counts 1 and 2, but concurrently to Count 3 (180 months total).

ECF No. 63-4 at 2.

In his objections, Petitioner provides an alternative calculation, asserts that sentence has been misapplied because the Bureau of Prisons misunderstands the principle of grouping, and that the Bureau of Prisons lacks "jurisdiction to computate count[s] 2 and 4 this sentence was not authorized by law . . . ." ECF No. 79. However, Petitioner has provided no support for these assertions beyond his own conclusory allegations. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985)

(holding that conclusory allegations without more are insufficient to preclude a finding of summary judgment). The record shows that there is no disparity between the oral pronouncement and the written sentence and Petitioner was never sentenced to 82-months imprisonment. Therefore, Petitioner fails to establish that he is being illegally detailed, and summary judgment is appropriate in favor or Respondent.[4]

## CONCLUSION

After reviewing the record in this case, the applicable law, and the Report of the Magistrate Judge de novo, the Court adopts the recommendation of the Magistrate Judge. Petitioner's motion for summary judgment [43] is **DENIED**, Respondent's motion for summary judgment [63] is **GRANTED**, and the motion to compel [76] is **FOUND as MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 5, 2024
Spartanburg, South Carolina

---

[4] In the Report, the Magistrate Judge specifically considered Petitioner's motion for summary judgment in making her recommendation. ECF No. 77 at 5–6. The undersigned has also considered Petitioner's motion in making this ruling and finds that Petitioner's motion lacks merit.